The defendant Louis H. Panter owned and operated an automobile supply shop in New Brunswick. The complainant, Ray Nischne, held a duly recorded $2,500 mortgage upon his stock and all his after-acquired merchandise. The bill is to foreclose the mortgage. The Firestone Tire and Rubber Company is a defendant because it has in its possession some of the after-acquired merchandise under the following circumstances: *Page 306 
Prior to November, 1931, Panter had a line of credit up to $300 with the Firestone Company at its local branch in Newark, in charge of a credit manager. On November 3d 1931, Panter gave an order for upwards of $1,000 to Kiselik, a traveling salesman of the Firestone Company, who asked Panter for a financial statement to be forwarded to the credit manager to obtain the increased credit. Upon the faith of the statement the credit manager from time to time extended credit in excess of $4,500. Although called for, the statement did not disclose the complainants chattel mortgage. Panter defaulted in his payments and, the credit manager learning of the chattel mortgage, the Firestone Company replevined what remained of the merchandise it had sold. The suit is pending in the law court.
That the representation was material is not questioned. The credit manager says he depended entirely upon the statement and had he known of the chattel mortgage he would not have given the credit. And it is quite believable; surely the Firestone Company was not handing its goods to Panter for him to pass to his mortgagee. Panter denies responsibility for the misrepresentation. He asserts that he gave the salesman all the information contained in the statement, including the fact of the chattel mortgage, who made memoranda; that he signed the statement in blank and in that form the salesman took it away and filled it out; he also avers that the salesman knew of the existence of the chattel mortgage from previous conversations. The salesman insists that he filled in the statement in collaboration with Panter, item for item as the information was given to him; that the chattel mortgage was not disclosed; that the statement was in its present shape when Panter signed it, and that he did not know of the chattel mortgage. The verdict at the conclusion of the hearing upon this sharp conflict of testimony was that the statement was signed after it was filled out and that the salesman knew of the existence of the chattel mortgage — knew of it then from the lips of Panter, or from past conversations, or both. A reading of the testimony confirms that view. The question left open was whether this *Page 307 
knowledge of the salesman is to be charged to the Firestone Company to the defeat of its right to rescind the sale and recover its merchandise sold on the faith of the statement.
The complainant's mortgage did not transfer to her the legal title to the after-acquired property sold by the Firestone Company to Panter, seized by it in the replevin suit, and she has no remedy at law; she has, at best, an equitable lien. Dunn v.Hastings, 54 N.J. Eq. 503. The Firestone Company cannot recover in its suit at law, unless it can there show that it parted with its merchandise upon the faith of the financial statementdeceitfully made, and it cannot prove that; there was no intentional fraud. Cowley v. Smyth, 46 N.J. Law 380. Both therefore appeal to equity, as they must, for relief: the complainant to enforce her equitable lien, the Firestone Company to rescind the sales to Panter for that type of fraud recognized only by a court of equity — that the statement was untrue, material and relied upon, resulting in injury. CommercialCasualty Insurance Co. v. Southern Surety Co., 100 N.J. Eq. 92;affirmed, 101 N.J. Eq. 738. The respective rights being purely equitable, are to be settled upon equitable principles; if the Firestone Company's equity against Panter be sustained, its superiority over the complainant's equity is established, for she could have a lien only on the merchandise Panter could equitably retain.
Outstanding is the fact that the Firestone Company was imposed upon, and Panter got its goods by the imposition. Its salesman, it is true, was responsible for the false statement, but Panter was culpable. Panter knew that the salesman was a mere messenger to obtain the statement; knew the purpose of the statement, that it was to go forward to the credit manager, and that upon his judgment, based upon its truthfulness, depended whether or not he could have the goods upon credit. Whether it was signed by him in blank, or after it was imperfectly made out by the salesman is of no moment; the degree of his culpability is unimportant. He was in duty bound to see that the statement was true; that it would not mislead the credit manager. Failing in that *Page 308 
he shared responsibility with the salesman in the deception of the Firestone Company and in good conscience could not retain the merchandise obtained by the false pretense.
The doctrine of constructive notice to the principal is not available to Panter. He left the statement, as he insists, to the salesman to fill out the blank form, and if that be the fact, he made him his agent in that respect, and in that event notice of the complainant's mortgage is not to be imputed to the Firestone Company in favor of the derelict Panter. The rule of implied notice is invocable to protect the innocent, never to promote an injustice. Stanley v. Chamberlin, 39 N.J. Law 565.
The complainant cannot have advantage denied to her mortgagor; she cannot be enriched at the expense of the misled Firestone Company.
There will be a decree for the defendant Firestone Company.